**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| WILLIAM BIRD, : | |
|     Plaintiff, : | |
| v. : | CASE NO.: 1:12-CV-76 (WLS) |
| SUMTER COUNTY : | |
| BOARD OF EDUCATION, *et al.*, : | |
|     Defendants. : | |

## ORDER

Based on a review of the parties' arguments regarding the posture of this case following *Shelby County, Alabama v. Holder*, 133 S. Ct. 2612 (2013), the Court finds that this matter is moot and the Court no longer has subject matter jurisdiction over the above-captioned case. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**, and the preliminary injunction granted by the Court on June 21, 2012 (Doc. 50) is **LIFTED.**

## BACKGROUND

Plaintiff William Bird is a registered voter in Board of Education District 7 of Sumter County, Georgia. (Doc. 1 at ¶¶ 5, 11.) Intervenor-Plaintiffs are Mathis K. Wright, Michael D. Coley, Sybil Paterson, Eugene Edge, Jr., Cynthia Johnson, Valarie Grimes, Robin Plair Wiley, and the Sumter County Branch of the NAACP. (*See* Doc. 60.) Defendants are the nine members of the Sumter County Board of Education, the Sumter County School District, and the Sumter County Board of Elections and Voter Registration and the Director thereof. (*See* Docs. 1, 62.)

1

Plaintiff brought suit claiming that the nine Board of Education districts of Sumter County violated 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. (*See* Doc. 1.) The grievance grew out of the report of the 2010 Decennial Census ("2010 Census"), which calculated the population shifts in the preceding decade within the Board of Education districts. (*Id.* at ¶ 12.) The population data indicated that the ideal split among the districts would result in 3,646 individuals residing in each district. (*Id.* at ¶ 18.) The distribution at the time Plaintiff brought suit, however, resulted in diluted voter strength in District 7, and disproportionately large voter strength in Districts 1 and 8. (*See id.*)

During the regular and special sessions of the 2011 Georgia General Assembly, Senate Bill 154 and Senate Bill 4EX ("the 2011 Plan") were submitted in an effort to resolve the malapportionment made evident by the 2010 Census. (*Id.* at ¶ 20.) That plan was based on the 2010 Census data and implemented a plan with five districts and two at large seats. (Doc. 76 at 2.) Both bills passed through the General Assembly and were signed into law by Governor Nathan Deal. (Doc. 1 at ¶ 20.) On November 1, 2011, the 2011 Plan was submitted to the United States Department of Justice for preclearance, as required by Sections 4 and 5 of the Voting Rights Act. (*Id.* at ¶ 21.) However, the submission was withdrawn on January 31, 2012. (*Id.*) As such, the voting districts remained as they were prior to the passage of Senate Bills 154 and 4EX. (*Id.*) Plaintiff brought this suit claiming that the districts were disproportionate in population to such an extent as to violate the "one person, one vote" principle. (*Id.* at ¶ 1.)

On May 31, 2012, the Court conducted a hearing on Plaintiff's requests for a temporary restraining order and preliminary injunction. (Doc. 50 at 4.) Following that hearing, the Court issued an order holding that Plaintiff had standing to bring this suit,

2

his request for a temporary restraining order to restrain qualifications was moot, and Plaintiff was entitled to a preliminary injunction. (*Id.* at 7-13.)

Following a scheduling conference held by the Court on August 16, 2012, the Court found it "prudent and appropriate [for the Court] to craft its own remedial map of the Board of Education districts of Sumter County." (Doc. 70 at 1, 4.) In its March 28, 2013 Order appointing the Legislative and Congressional Reapportionment Office of the General Assembly of the State of Georgia and its necessary staff, the Court noted that it would not consider Senate Bills 154 and 4EX because they remained subject to preclearance by the Department of Justice. (*Id.* at 4.)

On June 26, 2013, Counsel for Plaintiff advised the Court that the United States Supreme Court's decision in *Shelby County, Alabama v. Holder*, 133 S. Ct. 2612 (2013), could have an effect on the above-captioned matter. (Doc. 73.) Accordingly, the Court ordered the parties to respond to the following questions:

1. Does the Supreme Court's decision in *Shelby County, Alabama v. Holder*, striking down Section 4 of the Voting Rights Act of 1965 impact the Court's jurisdiction or any party's claim or defense? If so, how? Can or should the case proceed?

2. Is the remedy currently under consideration by the Court moot? Why or why not?

3. Would a further hearing be necessary or beneficial to the Court or to any party? Why or why not?

(Doc. 75.)

On July 12, 2013, Plaintiff, Intervenor-Plaintiffs, and Defendants responded to the questions posited by the Court. (Docs. 76-81.)

## **DISCUSSION**

Federal courts have a duty to dismiss a case where it becomes apparent that the court no longer has subject matter jurisdiction over the matter. *See Taylor v. Phillips*,

3

442 F. App'x 441, 443 n.3 (11th Cir. 2011).  Where a case is rendered moot, subject matter jurisdiction is lost.  *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1281 n.3 (11th Cir. 2004).  Federal courts only have jurisdiction over cases that present live "Cases" and "Controversies."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).  The personal interest that must exist at the beginning of a suit must continue throughout the duration of that suit.  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980).  "Where no legally cognizable interest is at stake between the parties, a case becomes moot 'and therefore no longer a 'Case' or 'Controversy' for purposes of Article III.' "  *RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC*, 718 F.3d 1308, 1314 (11th Cir. 2013).  "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *S. Miami Holdings, LLC v. FDIC*, No. 12-15992, 2013 WL 4046717, at *5 (11th Cir. Aug. 12, 2013) (citing *Troiano*, 382 F.3d at 1282).

The Court finds that this matter was rendered moot by *Shelby County, Alabama v. Holder*, 133 S. Ct. 2612 (2013).  Plaintiff brought this suit alleging that the current population distribution in the voting districts in Sumter County was unconstitutionally disproportionate.  (*See* Doc. 1.)  The Georgia General Assembly took measures to ameliorate the disproportionality during the 2011 General and Special Sessions and passed Senate Bills 154 and 4EX.  (*See* Doc. 77.)  Those bills were passed by both houses and signed by the Governor.  The bill noted that it that it would become effective when signed by the Governor, and did not precondition its effectiveness on preclearance by the Department of Justice.  All laws in conflict with the 2011 Plan were contemporaneously repealed.

The Court finds that the 2011 Plan should be treated as effective as of September 21, 2011, when signed into law by Georgia's Governor Nathan Deal. Nothing in the *Shelby County* decision precludes the retroactive effect typically afforded judicial decisions. *See generally Shelby Cnty., Ala. v. Holder*, 133 S. Ct. 2612 (2013); *see also Solem v. Stumes*, 465 U.S. 638, 642-43 (1984). At least one other case has held *Shelby County* applies retroactively. *See Hall v. Louisiana*, No. 12-00657-BAJ-RLB, 2013 WL 5405656, at *5 (M.D. La. Sept, 27, 2013). "When [the United States Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). There is no reason *Shelby County* should be treated as an exception to this general rule. Therefore, because the 2011 Plan was passed by the Georgia Legislature and signed by the Governor, and the Court must treat Section 4 of the Voting Rights Act as inapplicable to the 2011 Plan when passed, the 2011 Plan should be given retroactive effect. The issue of preclearance is no longer extant.

None of the parties contend that the 2011 Plan violates the "one-person one-vote" principle that the previous plan was alleged to violate. (Docs. 76 at 3, 78 at 1-2, 79 at 2-3; *see generally* Doc. 81.) The parties agree that *Shelby County* operated to make the 2011 Plan "the plan currently in effect for all future elections." (Doc. 76 at 3; *see also* Docs. 78 at 2, 79 at 3, 81 at 7.) However, the parties disagree as to how the Court should proceed in this matter. Plaintiff contends that the matter is now moot and "the only issue left ... will be Plaintiff's upcoming motion for attorney[']s fees pursuant to 42 U.S.C. § 1988." (Doc. 76 at 4.) Plaintiff-Intervenors agree that the matter is now moot,

but argue that, "since the Court enjoined elections for the School District in its June 21, 2012 Order (Doc. 50), the Court should establish a schedule of elections under the [2011 Plan]." (Doc. 78 at 2.) Defendant Sumter County School Board of Elections and Voter Registration, et al. agrees with Plaintiff, contends the matter is moot, and argues that the Court should take no further action. (Doc. 79 at 3.) Defendant Sumter County School District, et al. contends that this matter is not moot because the 2011 Plan violates Section 2 of the Voting Rights Act.[1] (Doc. 81 at 4-5.) The Defendant School District also contends that the 2011 Plan is unworkable as that plan contemplates initial elections in 2012, which did not take place due to the Court's injunction. (*Id.*)

The Court disagrees with Plaintiff-Intervenors and Defendant Sumter County School District, et al. Once the Court determines it lacks subject matter jurisdiction, it must dismiss. FED. R. CIV. PRO. 12(h)(3); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013). The Court does not have jurisdiction to implement the 2011 Plan. Furthermore, the 2011 Plan, which has been alleged by Defendant Sumter County School District, et al. to be unworkable and violative of Section 2 of the Voting Rights Act, is not properly before this Court. The Complaint alleged only that the districts as drawn *before* the 2011 Plan went into effect violated 42 U.S.C. § 1983, the Equal Protection Clause of the United States Constitution, and the Georgia Constitution. (*See* Doc. 1.) The Complaint was not amended to add grounds for relief, and no counterclaims or crossclaims were filed. (*See generally* Docket.) All arguments before the Court have been based on the "one-person one-vote" principle,

---

[1] A violation of Section 2 of the Voting Rights Act "is established by a showing that members of a protected class 'have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.' " *Brown v. Sec'y of State of Fla.*, 668 F.3d 1271, 1281 n.9 (11th Cir. 2012). *Shelby County* did not disturb Section 2. *See Shelby Cnty., Ala. v. Holder*, 133 S. Ct. 2612, 2619 (2013).

6

not grounds regarding racial discrimination in violation of Section 2 of the Voting Rights Act. If Defendant Sumter County School District, et al. seeks to challenge the 2011 Plan, it should follow the appropriate procedural avenue to do so.

## **CONCLUSION**

Based on the foregoing, the Court finds that this matter is moot and that the Court no longer has subject matter jurisdiction over the above-captioned case. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE.** Also, because the Court dismisses this matter, the preliminary injunction ordered by the Court on June 21, 2012 (Doc. 50) is **LIFTED.**

**SO ORDERED**, this  28th   day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**