**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| WILLIAM BIRD, :<br>:<br>   Plaintiff, :<br>:<br>v. :<br>   : CASE NO.: 1:12-CV-76 (WLS)<br>SUMTER COUNTY :<br>BOARD OF EDUCATION, *et al.*, :<br>:<br>   Defendants. :<br>: | |

**ORDER**

On May 22, 2012, Plaintiff filed a complaint for temporary and injunctive relief, as well as a declaratory judgment that the Sumter County Board of Education voting districts violated the constitutional one person, one vote standard. (Doc. 1.) The Court granted a temporary restraining order and prevented elections from occurring on July 31, 2012. (Doc. 50.) Although the Court appointed advisers to assist with redrawing the districts, an opinion from the United States Supreme Court rendered the matter moot before the districts were redrawn. (Docs. 70 & 75.) As such, the matter was dismissed without prejudice. (Doc. 82.) On November 11, 2013, Plaintiff filed the Motion for Costs and Fees currently under review. (Doc. 84.) Subsequently, Defendants filed a Response and Plaintiff filed a Reply. (Docs. 85 & 86.) As such, Plaintiff's Motion is ripe for review. *See* M.D. GA. L.R. 7.3.1.

**DISCUSSION**

**I.   Prevailing party standard**

A prevailing party in a civil rights case is entitled to an award of attorney's fees under 42 U.S.C. § 1988. "The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 789, 792-93 (1989)). The Eleventh

1

Circuit "has interpreted this language to require either '(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties.' " *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009) (citing *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (per curiam)). "[A] preliminary injunction on the merits . . . entitles one to prevailing party status and an award of attorney's fees" unless "reversed, dissolved, or otherwise undone by the final decision in the same case." *Common Cause*, 554 F.3d at 1356.

In *Kansas Judicial Watch v. Stout*, 653 F.3d 1230 (10th Cir. 2011), the Tenth Circuit discussed the "prevailing party" standard in the context of preliminary injunctions. The Court contrasted two scenarios; one where the plaintiff achieved "prevailing party" status, and the other where the plaintiff did not. In *Dahlem v. Bd. of Educ.*, 901 F.2d 1508 (10th Cir. 1990), a high-school senior sued his high school because he was not permitted to join the girls' gymnastic team and the school did not have a boys' team. *Id.* at 1510. The district court granted a preliminary injunction that allowed him to participate on the girls' gymnastic team. *Id.* During the pendency of the defendants' interlocutory appeal, the plaintiff graduated from high school, thus rendering the matter moot. *Id.* The Tenth Circuit held that the *Dahlem* plaintiff was a "prevailing party" because "the district court's order granting preliminary relief explicitly stated that there was a substantial likelihood that Dahlem would ultimately prevail on his claim." *Stout*, 653 F.3d at 1235-36 (citing *Dahlem*, 901 F.2d at 1511-12). The *Dahlem* Court explained that the plaintiff prevailed because "[h]e brought suit so that he could participate in interscholastic gymnastics during his senior year [and b]ecause of the district court's preliminary injunction, he did so participate." *Dahlem*, 901 F.2d at 1513.

The Tenth Circuit reached a different conclusion, however, in *Biodiversity Conservation Alliance v. Stem*, 519 F.3d 1226 (10th Cir. 2008). In that case, the plaintiff brought suit after the U.S. Forest Service authorized a sale of timber in the Cement Region of the Black Hills National Forest, and sought to enjoin an imminent timber sale. *Id.* at 1227-28. The district court granted an injunction to maintain the status quo and

2

did not make a finding that the plaintiff had a substantial likelihood of prevailing on the merits. *Id.* at 1228. The Tenth Circuit distinguished that case from *Dahlem* because "[t]he injunction did not prevent the Forest Service from continuing to meet and plan in regards to the Cement Project[,] grant the relief that [the plaintiff] sought[,] or address[] whether the Cement Project was arbitrary and capricious." *Id.* at 1232. In other words, the plaintiff "won the right to have the status quo preserved, so that *had* it prevailed on the merits, its victory would have meaning." *Id.* (emphasis supplied).

In *Kansas Judicial Watch*, applying the principles from *Dahlem* and *Stem*, the Tenth Circuit concluded that the plaintiffs were prevailing parties. The plaintiffs had brought suit against individual members of the Kansas Commission on Judicial Qualifications challenging the constitutionality of certain judicial canons. *Id.* at 1232-33. On the same day that the plaintiffs brought suit, they moved for a preliminary injunction to prevent the Commission from initiating disciplinary proceedings under the challenged cannons. *Id.* at 1233. The district court concluded that the plaintiffs were likely to succeed on the merits, concluded that the clauses were indeed unconstitutional, and granted the preliminary injunction. *Id.* at 1239. The preliminary injunction was dissolved "only after the Kansas Supreme Court amended the challenged canons and rendered [the plaintiffs'] claims against the Commission moot." *Id.* Under those facts, the Tenth Circuit concluded that the plaintiffs were prevailing parties.

In *Rogers Group v. City of Fayetteville*, 683 F.3d 903 (8th Cir. 2012), the Eighth Circuit discussed whether a preliminary injunction creates prevailing party status. The plaintiffs in that case brought suit to enjoin the City of Fayetteville, Arkansas, from enforcing an ordinance beginning on a date certain. *Id.* at 910. The Court noted that the D.C. Circuit "identified 'three core principles' for a court to consider in construing the term 'prevailing party' in federal fee-shifting statutes." *Id.* (citing *Select Milk Prods., Inc. v. Johanns*, 400 F.3d 939, 946 (D.C. Cir. 2005)) (internal citations omitted). Those principles are that a "prevailing party" induced a "court-ordered change in the legal relationship between the plaintiff and the defendant"; "is a party in whose favor a judgment is rendered"; and is not a "prevailing party merely by virtue of having

3

acquired a judicial pronouncement unaccompanied by judicial relief." *Id.* (citations omitted). The *Rogers Group* Court found that the plaintiff was a prevailing party because the preliminary injunction blocked the defendant from enforcing an ordinance, which the defendant planned to do on a date certain; a preliminary injunction is an appealable order under 28 U.S.C. § 1292(a)(1); and the plaintiff received the exact judicial relief it sought—a preliminary injunction that enjoined the implementation and enforcement of a particular ordinance. *Id.* at 911.

In light of the various principles and factors discussed above, the Court finds that Plaintiff is a prevailing party. In his Complaint, Plaintiff prayed for a declaratory judgment that would declare unconstitutional the districts then-employed by the Sumter County Board of Education and a temporary restraining order and permanent injunction that would require the districts to be redrawn. In an Order issued by the Court on June 21, 2012, after finding that Plaintiff had standing to bring this matter, the Court granted Plaintiff's request for a preliminary injunction because Plaintiff had made the requisite showing that he was substantially likely to succeed on the merits, he would suffer irreparable harm without the issuance of the injunction, the benefits of the injunction outweighed any possible harm to Defendants, and the public interest was largely aligned with Plaintiff's cause of action. (*See* Doc. 50.) The result of that injunction was that Defendants could no longer rely on the district configuration based on the 2000 Census in any pending or future Board of Education district elections. (*Id.* at 13.) The elections that were scheduled for July 31, 2012, were enjoined and suspended. (*Id.*) On March 28, 2013, the Court appointed the Legislative Congressional Reapportionment Officer of the General Assembly of Georgia to advise the Court as to the redrawing of the districts. (*See* Doc. 70.) It was not until June 25, 2013 that the United States Supreme Court issued *Shelby County, Alabama v. Holder*, 133 S. Ct. (2013), which rendered this matter moot. (*See* Doc. 75.)

Plaintiff achieved three goals with his suit: (1) he obtained a ruling that the Sumter County Board of Education's districts likely violated the constitutional one

4

person, one vote standard; (2) he obtained a temporary restraining order[1] that halted elections for the Sumter County Board of Education and prevented an election from occurring on July 31, 2012; and (3) he obtained an order appointing the Legislative and Congressional Reapportionment Office of the General Assembly of the State of Georgia. (Docs. 50 & 70.)  Thus, similar to the plaintiffs in *Dahlem* and *Rogers Group*, Plaintiff achieved his desired result—he prevented any further elections with malapportioned districts.  Unlike the plaintiff in *Biodiversity*, Plaintiff did not merely maintain the status quo; he prevented an election from occurring and started the process of redrawing the districts, and the Court noted that there was a substantial likelihood that Plaintiff would succeed on the merits.  Similar to *Kansas Judicial Watch*, the temporary restraining order was dissolved only after the occurrence of the event that rendered the matter moot. Based on the foregoing, the Court finds that Plaintiff is a prevailing party and thus entitled to attorney's fees under § 1988.[2]

## II.     Amount of attorney's fee due

To determine the appropriate amount of an award of attorney's fees, the Court multiplies the number of hours reasonably expended on a case by the reasonable or customary hourly rate.  This "lodestar" amount is then adjusted upward or downward in light of the factors identified in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[3]  Ordinarily, most of the *Johnson* factors will be reflected in the lodestar itself—for example, time and rate—rather than in an adjustment of the lodestar. *Blum v. Stenson*, 465 U.S. 886 (1984).  "A strong presumption that the lodestar figure . . .

---

[1] The preliminary injunction was an appealable order under 28 U.S.C. § 1292(a)(1).

[2] The Court notes that Defendants' agreement at the hearing on the temporary restraining order that the districts were malapportioned does not deprive Plaintiff of his status as a prevailing party.  Even a consent decree may afford a plaintiff prevailing party status.  *Am. Disability Ass'n v. Chmierlarz*, 289 F.3d 1315, 1317 (11th Cir. 2002).

[3] The *Johnson* factors are as follows:
1. The time and labor expended;
2. The novelty and difficulty of the questions raised;
3. The skill required to properly perform the legal services rendered;
4. The customary fee for like work;
5. The attorney's opportunity costs in pressing the instant litigation;
6. The time limitations imposed by the client or circumstances;
7. The amount in controversy and the results obtained;
8. The experience, reputation, and ability of the attorney;
9. The undesirability of the case within the legal community in which the suit arose.

represents a 'reasonable fee' is wholly consistent with the rationale behind the usual fee-shifting statute." *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (citing *Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986)).

In support of his assertion that $250 is a reasonable hourly rate, Plaintiff offers the following: (1) an order from this Court that awarded two attorneys in a similar case $300 per hour over nine years ago; (2) citations of cases from the Middle District of Alabama that awarded attorney's fees in similar cases of $290 per hour in 1993 and 1994; and (3) an affidavit of a local attorney that attests to his belief that $250 per hour is a reasonable rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.* The party seeking attorney's fees bears the burden of demonstrating "that the requested rate is in line with prevailing market rates." *Id.* (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)).

The Court concludes that Plaintiff failed to provide sufficient evidence to demonstrate that $250 per hour falls within a range of prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See id.* The affidavits submitted by Plaintiff only attest to a local attorney's belief that Plaintiff's counsel's rate is reasonable. That affidavit is insufficient under Eleventh Circuit case law. *See id.* Also, the old cases cited by Plaintiff do not establish the *prevailing* market rate. The Court cannot properly assume that inflation ensures that all rates charged today are reasonable as long as the rates are less than rates charged ten years ago. Other factors may make that assumption untrue and there is no evidence before the Court to support such assumption. Based on the foregoing, Plaintiff is **ORDERED** to submit evidence regarding the reasonableness of his requested attorney's fees within **fourteen (14) days** of entry of this Order. Defendant may file a response to such evidence, if filed, within **fourteen (14) days** of

Plaintiff's submission of said evidence. Failure to submit the proper evidence may result in the denial of Plaintiff's request for attorney's fees.

**SO ORDERED**, this 3rd day of April 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**