**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| WILLIAM BIRD,  :  :  Plaintiff,  :  :  v.  :  :  SUMTER COUNTY  :  SCHOOL DISTRICT, *et al.*,  :  :  Defendants.  :  : | CASE NO.: 1:12-CV-76 (WLS) |

**ORDER**

On November 11, 2013, Plaintiff filed a Motion for Attorney's Fees. (Doc. 84.) In its response, Defendant Sumter County School District ("Defendant") argued, among other things, that Plaintiff is not a prevailing party. (Doc. 85.) The Court issued an order on April 3, 2014, finding that Plaintiff is a prevailing party under 42 U.S.C. § 1988 and ordered Plaintiff to submit additional evidence supporting its request for fees. (Doc. 87.) Plaintiff has submitted such evidence and Defendant has submitted a response thereto. (Docs. 88-90.) With substantial briefing on the issue of attorney's fees, the referenced Motion is ripe for review. *See* M.D. Ga. L.R. 7.3.1.

To determine the appropriate amount of an award of attorney's fees, the Court multiplies the number of hours reasonably expended on a case by the reasonable or customary hourly rate. This "lodestar" amount is then adjusted upward or downward in light of the factors identified in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] Ordinarily, most of the *Johnson* factors will be reflected in the lodestar

---

[1] The *Johnson* factors are as follows:
1. The time and labor expended;
2. The novelty and difficulty of the questions raised;
3. The skill required to properly perform the legal services rendered;
4. The customary fee for like work;
5. The attorney's opportunity costs in pressing the instant litigation;
6. The time limitations imposed by the client or circumstances;

1

itself—for example, time and rate—rather than in an adjustment of the lodestar. *Blum v. Stenson*, 465 U.S. 886 (1984). "A strong presumption that the lodestar figure . . . represents a 'reasonable fee' is wholly consistent with the rationale behind the usual fee-shifting statute." *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (citing *Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986)).

### I. Reasonable hourly rate

In support of his assertion that $250 is a reasonable hourly rate, Plaintiff has submitted three orders awarding fees under § 1988 in sister district courts in Georgia and two affidavits. In *Martin v. Augusta-Richmond Cnty.,Ga., Comm'n*, No. CV 112-058, 2012 WL 5950408 (S.D. Ga. Nov. 28, 2012), the Southern District of Georgia awarded $300.00 per hour to an attorney who wrote two books, numerous book chapters, and articles on voting rights and litigated more than 150 voting rights cases, and $250.00 per hour to an attorney who testified as an expert in thirty voting rights cases and served as counsel in at least nineteen voting rights cases. The latter attorney was awarded $250.00 because "his main duties included reviewing and editing drafts of pleadings." *Id.* at *9. Frank B. Strickland, an attorney with a firm that litigates voting rights cases, filed an affidavit that asserted that attorneys in his firm generally charge $400.00 per hour for a partner with 48 years of experience, $350.00 per hour for a partner with 25 years of experience, and $250.00 per hour for an associate with seven years of experience. (Doc. 88-1.) Those rates are charged "inside and outside of the Atlanta metro area." (*Id.*) Plaintiff also filed an affidavit from Plaintiff's Counsel and F. Faison Middleton, IV. Both affidavits state that $250.00 is at or below the customary market rate. (Docs. 88-2 & 89.) The Court has also considered previous evidence submitted in this matter.

Counsel for Plaintiff has 26 years of experience as an attorney, and has worked in private practice and as an Assistant Attorney General of the Georgia Department of Law. (Doc. 84-3 at ¶ 10.) As noted by other district courts, voting rights litigation is "an extremely complex and intimidating area of the law." *See, e.g.*, *Martin*, 2012 WL 5950408

---

7. The amount in controversy and the results obtained;
8. The experience, reputation, and ability of the attorney;
9. The undesirability of the case within the legal community in which the suit arose.

at *8.  Although Counsel for Plaintiff did not specify how many years of experience he has with voting rights litigation, from his performance in this case, it is clear that he is familiar with voting rights law and competent in that area.  (*See generally* Docs. 1, 44, 52, 76, 84.)  In light of Counsel's experience and performance in this case, and the Court's knowledge of prevailing reasonable or customary market rates, the Court finds that $250.00 per hour is a reasonable hourly rate for Plaintiff's Counsel.

## II. Reasonable amount of time expended

Counsel for Plaintiff seeks attorney fee's in the following amounts: $23,975 for 95.9 hours at $250.00 per hour; $6,380.00 for 23.2 hours at $275.00 per hour; $2,225.00 for 8.9 hours at $250.00 per hour for time expended drafting the supplemental brief and pleadings in relation to attorney's fees; $746.74 for costs; and $675.00 for the consulting services of Linda D. Meggers.  (Docs. 84-4 & 88-2.)

First, Defendant claims that the attorney's fees time records submitted by Plaintiff is "abound with the use of block billing" and his request for fees should be reduced by 10-25 percent.  (Doc. 85 at 17-18.)  The Eleventh Circuit requires that "both the proof of the hours spent in litigation and any corresponding objections posed be voiced with a similar exactitude."  *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 802 (11th Cir. 2012) (quoting *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996)).  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Counsel "should have maintained records to show the time spent on different claims, and the general subject matter of the time expenditures to be set out with sufficient particularity so that the district court can assess the time claimed for each activity."  *Id.*  Block billing is a practice of logging hours whereby activities are grouped together without regard to their similarity, thus rendering a review for reasonableness as to distinct activities impossible or impracticable.

The Court agrees with Defendant that many of the entries on Plaintiff's Counsel's time sheets are block billed.  Upon review of the time sheets, the Court finds that the

3

attorney's fee award should be reduced as a result of the block billing, but not across-the-board as suggested by Defendant because the total amount of hours expended and fees billed are not patently unreasonable. Instead, the Court will only reduce by 10% the entries that involve block billing to such an extent that discerning the reasonableness of the time expended is rendered impossible. The entries determined to involve block billing to that degree are Entry Nos. 2-8, 13-15, 17, 18, 20-22, 25, 26, 27, 31, 35, 41-44, 48-50, 53, 54, 60, 65-67, 71, 73, 74, 81, 82, which totals a reduction of 59.01 hours by 10%, or 5.9 hours.

Second, Defendant further argues that the time records "contain[] excessive hours for at least the time spent researching and drafting the motion for attorney's fees" because "Plaintiff copied substantial portions verbatim from the fee application and affidavit submitted in *Wright* [*v. City of Albany*, 306 F. Supp. 2d 1228 (M.D. Ga. 2003)]." (Doc. 85 at 18.) The Court finds that 9.1 hours for writing the motion for attorney's fees was not excessive. Although some short portions of the pleadings as to attorney's fees in this case and *Wright* are verbatim (*compare* Docket No. 1:03-CV-148, Doc. 65 at 1 *with* Docket No. 1:12-CV-76, Doc. 84 at 1), the majority of the similarities of the pleadings are limited to the form of the pleadings. (*Compare* Docket No. 1:03-CV-148, Doc. 65 at 3-10 *with* Docket No. 1:12-CV-76, Doc. 84-3 at 1-4.) More importantly, however, is that Plaintiff's Brief in Support of Motion for Award of Costs and Fees is not copied from the *Wright* pleadings. The briefs contain similar citations, but that appears to be a function of the slow evolution of case law in this area, not any attempt by Plaintiff's Counsel to be paid for work he did not do. Because Plaintiff's referenced brief clearly required a substantial expenditure of time, the Court finds that 9.1 hours for that activity is not excessive.

Third, Defendant states that Plaintiff's explanation of the costs expended in this case were not "describe[d] . . . with sufficient particularity as they are wholly devoid of explanation." (Doc. 19-20.) Of the $746.74 in costs sought to be recouped by Plaintiff, the Court finds that $237.00 is not reimbursable. That amount is the sum of the costs associated with "photocopies" and "facsimiles." (Doc. 84-4 at 2.) It is unclear why

those actions were taken or to what they pertained.  Because the burden rests with the movant to provide enough specificity to enable the Court to determine the propriety of the requests, and such has not been provided, Plaintiff's request for costs as to those items will be denied.

Lastly, Defendant asserts that Plaintiff's award of attorney's fees should be reduced because Plaintiff was only partially successful on his claims and was required to submit additional briefing as a result of his inadequate pleadings.  (Doc. 90 at 12.)  The Court finds that the attorney's fees award in this matter should not be reduced based on lack of success except as to the amount of time expended gathering sufficient information to support the motion for attorney's fees.  As noted by the Court in its April 3, 2014 order, Plaintiff is the prevailing party and the fact that *Shelby County* mooted the case does not diminish Plaintiff's success.  As to the additional pleadings that were required regarding attorney's fees, the Court finds that the additional time expended, when considered in light of the previous 9.1 hours spent on attorney's fees pleadings, is excessive.  The total amount of time spent on attorney's fees totals 18 hours when the supplemental pleadings are considered.  Also, the time spent responding to the Court's April 3, 2014 order was logged using the block method, the flaws of which are detailed above.  The Court finds that the amount of time claimed in regard to the referenced actions should be reduced by 50% because, while excessive, the Court finds that the allowed portion is reasonable in light of the complex nature of this case.  In other words, Plaintiff will be compensated for 4.45 hours for work related to the supplemental pleadings filed in regard to attorney's fees.

The Court notes that Plaintiff will be reimbursed $675.00 for the fees paid to Ms. Meggers.  Also, the Court will reduce all entries charged at the rate of $275.00 per hour to the approved reasonable rate of $250.00 per hour.  Thus, in addition to the costs detailed above in the amount of $1,184.74, Plaintiff will be awarded $29,400.00 in attorney's fees for 117.6 hours at $250.00 per hour.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees is **GRANTED.** Defendant shall remit to Plaintiff within thirty (30) days of the entry of this order $29,400.00 in attorney's fees and $1,184.74 in costs, for a total of $30,584.74.

**SO ORDERED**, this 27th day of May 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**